# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

STEVEN DENMAN, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-18-640-G
 )
ANDREW SAUL, )
Commissioner of Social Security,[1] )
 )
    Defendant. )

## OPINION AND ORDER

Plaintiff Steven Denman brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Upon review of the administrative record (Doc. No. 11, hereinafter "R. _"), and the arguments and authorities submitted by the parties, the Court affirms the Commissioner's decision.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff filed his SSI application on October 6, 2015, alleging that his disability began on that same date. R. 11, 165-73. Following denial of his application initially and on reconsideration, a hearing was held before an administrative law judge ("ALJ") on November 7, 2016. R. 25-42, 43-51, 52-61. The ALJ issued an unfavorable decision on August 4, 2017. R. 8-24.

---

[1] The current Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since he had filed his application on October 6, 2015. R. 13. At step two, the ALJ determined that Plaintiff had the severe impairments of: major depressive disorder, panic disorder, attention deficit hyperactivity disorder. R. 13-14. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 14-16.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of his medically determinable impairments. R. 16-17. The ALJ found:

> [Plaintiff] has the [RFC] to perform a full range of work at all exertional levels, but with the following nonexertional limitations: [Plaintiff] can understand, remember, and carry out simple, routine, and repetitive tasks. [Plaintiff] can relate to supervisors and co-workers on a superficial work basis. [Plaintiff] can have no contact with the general public. [Plaintiff] can respond to usual work situations.

R. 16. At step four, the ALJ found that Plaintiff had no past relevant work. R. 17.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of his age, education, work experience, and RFC—could perform. R. 18-19. Relying upon the testimony provided by a vocational expert ("VE") regarding the degree of erosion to the unskilled occupational base caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform unskilled occupations such as machine feeder, film touch-up screener, or sorter,

and that such occupations offer jobs that exist in significant numbers in the national economy. R. 18-19.

The ALJ therefore concluded that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant period. R. 19. Plaintiff's request for review by the SSA Appeals Council was denied, and the ALJ's unfavorable decision stands as the Commissioner's final decision. *See* R. 1-5; 20 C.F.R. § 416.1481.

STANDARD OF REVIEW

This Court's judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," in determining whether the ALJ's decision is supported by substantial evidence. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). Though a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the

evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff contends that the ALJ improperly evaluated Plaintiff's subjective complaints, ignored a third-party function report, and misstated Plaintiff's GAF scores. *See* Pl.'s Br. (Doc. No. 13) at 3-10.[2]

*A. The ALJ's Evaluation of Plaintiff's Subjective Complaints*

Social Security Ruling 16-3p prescribes that an ALJ will engage in a two-step analysis in evaluating a claimant's impairment-related symptoms. First, the ALJ must "consider whether there is an underlying medically determinable . . . impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017); *see also id.* at *1 (prescribing that the Ruling applies to SSA decisions issued on or after March 28, 2016). Second, if such an impairment is established, the ALJ must "evaluate the intensity and persistence" of the claimant's symptoms "to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." *Id.* at *3; *see also* 20 C.F.R. § 416.929(c) (2017).

Adhering to this two-step analysis, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to produce [Plaintiff's] alleged symptoms." R. 17. The ALJ then found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the

---

[2] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

4

medical evidence and other evidence in the record." R. 17 (noting that Plaintiff's statements affected Plaintiff's ability to work "only to the extent they [could] reasonably be accepted as consistent with the objective medical and other evidence").

As support for the latter finding, the ALJ explained that while Plaintiff testified to being easily distracted and often off-task, these statements were inconsistent with Plaintiff's activities, including "play[ing] video games about 30-35 hours per week," "refurbish[ing] a few computers for family," driving a car, and "obtain[ing] his high school degree." R. 16; SSR 16-3p, 2017 WL 5180304, at *7 (identifying daily activities as a factor an ALJ may consider when evaluating the intensity, persistence, and limiting effects of an individual's symptoms); *accord* 20 C.F.R. § 416.929(c)(3)(i). The ALJ also noted that Plaintiff had received "regular and ongoing therapy and medication management," and that the treatment notes "indicate good functioning." R. 17; SSR 16-3p, 2017 WL 5180304, at *8 (identifying medication and other treatment as factors properly considered when evaluating the intensity, persistence, and limiting effects of an individual's symptoms); *accord* 20 C.F.R. § 416.929(c)(3)(v)-(vi).

Plaintiff raises two objections to the ALJ's evaluation of Plaintiff's subjective complaints. First, Plaintiff argues that the ALJ erred by providing conflicting findings, noting that the ALJ "found [Plaintiff] not credible with a boilerplate paragraph, and in the next breath, he found that [Plaintiff] was credible, using [Plaintiff's] testimony in support

5

of 'greater limitations in concentration, persistence, and pace.'"[3] Pl.'s Br. at 4 (quoting R. 17). Plaintiff's argument implies that an ALJ must make a wholesale acceptance or rejection of a plaintiff's subjective complaints, which is not correct. *See* 20 C.F.R. § 416.929(c)(4) ("Your symptoms, including pain, will be determined to diminish your capacity for basic work activities . . . *to the extent* that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence." (emphasis added)). In his evaluation of Plaintiff's symptoms, the ALJ determined that the record evidence did not support the *degree* of limitation reflected in Plaintiff's subjective statements. Specifically, the ALJ concluded that the record evidence, including Plaintiff's subjective statements, supported greater-than-mild limitations in concentration.

Second, Plaintiff objects that the RFC should have contained an additional limitation relating to Plaintiff's subjective complaint that he is often "off-task." *See* Pl.'s Br. at 4-6. As discussed above, however, the ALJ properly evaluated this subjective statement in accordance with the regulatory factors set forth in 20 C.F.R. § 416.929(c)(3) and SSR 16-3p and found it to be inconsistent with other evidence, including Plaintiff's daily activities. R. 16-17. Even assuming Plaintiff's subjective complaint of being "off-

---

[3] Plaintiff refers to the ALJ's analysis of certain state agency psychological consultants' medical opinions. When assigning "some weight" to the consultants' opinions that Plaintiff had only mild limitations in concentration, persistence, and pace, the ALJ explained that "evidence received at the hearing level, including testimony of the [Plaintiff], [was] consistent with greater limitations in concentration, persistence, and pace, such that a limitation to simple, routine and repetitive tasks is warranted." R. 17; *see* 20 C.F.R. 416.927(c)(4) (explaining that "the more consistent a medical opinion is with the record as a whole, the more weight [the Commissioner] will give to that medical opinion").

task" is not already accounted for in Plaintiff's RFC limiting Plaintiff to "simple, routine, and repetitive tasks," Plaintiff points to no additional evidence consistent with this particular complaint such that the Court could properly find that the omission of an "off-task" limitation renders the RFC unsupported by substantial evidence. *See Branum*, 385 F.3d at 1271 ("The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability."); *Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004) (rejecting argument that RFC was not supported by substantial evidence when plaintiff presented no evidence contradicting the RFC).

The Court, giving the requisite "special deference" to the ALJ's findings, therefore finds that the ALJ's assessment of Plaintiff's subjective symptoms does not undermine the RFC determination and that remand on that basis is not warranted. *Lax v. Astrue*, 489 F.3d 1080, 1089 (10th Cir. 2007); *see Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." (internal quotation marks omitted)).

### B. *The ALJ's Consideration of the Third-Party Function Report*

Plaintiff next argues that the ALJ committed legal error by failing to consider the third-party function report submitted by Plaintiff's sister. Pl.'s Br. at 6-7 (citing R. 223-30). Plaintiff broadly asserts that this third-party report "supports greater limitations than the ALJ assessed in his RFC." *Id.* at 7. Plaintiff's argument is unavailing for several reasons.

First, the ALJ stated in his written decision that he "consider[ed] all the evidence," R. 11, and "[w]here, as here, the ALJ indicates he has considered all the evidence[,] our practice is to take the ALJ at his word." *Wall*, 561 F.3d at 1070 (internal quotation marks and alteration omitted); *see* R. 13 (ALJ noting that he made his findings following "careful consideration of the entire record"), 16 (ALJ noting that he assessed the RFC "based on all the evidence"). The ALJ was only required to discuss "uncontroverted evidence he [chose] not to rely upon, as well as significantly probative evidence he reject[ed]." *Haga v. Astrue*, 482 F.3d 1205, 1207 (10th Cir. 2007) (internal quotation marks omitted); *see Wall*, 561 F.3d at 1067 (explaining that ALJs are "not required to discuss every piece of evidence" (internal quotation marks omitted)). While Plaintiff reiterates the third-party testimony, Plaintiff fails to show how any statement is significantly probative of functional limitations not included in the RFC. Indeed, Plaintiff fails to identify the specific limitations he believes were supported by the third-party report but omitted from the RFC. *See Howard*, 379 F.3d at 948; *Cruz v. Berryhill*, No. CIV-16-621-R, 2017 WL 4159399, at *6 (W.D. Okla. Aug. 31, 2017) (R. & R.) (rejecting challenge to RFC where the plaintiff failed to explain what functional limitations should have been, but were not, incorporated into the RFC determination), *adopted*, 2017 WL 4158655 (W.D. Okla. Sept. 19, 2017).

Accordingly, Plaintiff has not demonstrated prejudicial legal error or shown that the third-party report undermines the RFC.

*C. The ALJ's Consideration of Plaintiff's GAF Scores*

Plaintiff's final argument is that the ALJ impermissibly ignored Plaintiff's Global Assessment of Functioning ("GAF") scores in order to misrepresent that such scores indicated good functioning. *See* Pl.'s Br. at 7-8 (citing R. 17). Plaintiff points to two GAF scores of 30, a GAF score of 45, and a GAF score of 63 that the ALJ did not address in his written decision. *See id.* at 8.

The Court finds no error in the ALJ's failure to discuss these GAF scores. The Tenth Circuit has "repeatedly noted" that "generalized GAF scores, which do not specify particular work-related limitations, may be helpful in arriving at an RFC but are not essential to the RFC's accuracy." *Luttrell v. Astrue*, 453 F. App'x 786, 792 n.4 (10th Cir. 2011) (internal quotation marks omitted). Moreover, the ALJ expressly considered the GAF scores assessed during the relevant period. *See* R. 17. As the Commissioner correctly notes, the GAF scores of 30, 45, and 63 were assessed prior to Plaintiff's alleged disability onset date. *See* Def.'s Br. (Doc. No. 14) at 11-12 (citing R. 281, 285, 315, 329); *Petree v. Astrue*, 260 F. App'x 33, 42 (10th Cir. 2007) (rejecting the plaintiff's argument that GAF scores showed he was disabled where the "the latest GAF score in the record [was] from . . . almost eleven months prior to the alleged onset date of disability"); *see also Murchison v. Berryhill*, No. CIV-17-476-G, 2018 WL 4407255, at *3 n.4 (W.D. Okla. Sept. 17, 2018) ("Although medical evidence that predates a claimant's alleged onset date in some cases may shed light on a claimant's functional imitations during the relevant time period, Plaintiff has offered no argument as to how [the GAF scores predating the plaintiff's alleged onset date] do so.").

"Because the ALJ expressly considered the majority of Plaintiff's GAF scores and the scores themselves were not significantly probative," Plaintiff has not demonstrated that the ALJ erred by failing to address the GAF scores assessed prior to Plaintiff's alleged disability onset date. *Murchison*, 2018 WL 4407255, at \*4; *see Petree*, 260 F. App'x at 42; *Harper v. Colvin*, 528 F. App'x 887, 891-92 (10th Cir. 2012).

CONCLUSION

The challenged findings are supported by substantial evidence in the record and do not reflect prejudicial legal error. The decision of the Commissioner is AFFIRMED. A separate judgment shall be entered.

IT IS SO ORDERED this 28th day of August, 2019.

*[signature]*
CHARLES B. GOODWIN
United States District Judge